UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JONATHAN KEITH WILFORD, | Case No. 3:21-cv-00055-MK |
| Plaintiff, | ORDER GRANTING LEAVE TO PROCEED IFP AND TO AMEND |
| v. | |
| WASHINGTON COUNTY JAIL; HUNTER SMITH; NELSON, | |
| Defendants. | |

KASUBHAI, Magistrate Judge:

Plaintiff, a former detainee at the Washington County Jail, files this action pursuant to 42 U.S.C. § 1983 and applies to proceed in forma pauperis (IFP). Review of the application reveals that plaintiff is unable to afford prepayment of the fees for this action, and his IFP application is allowed. However, plaintiff's Complaint is deficient in several respects, and he must amend his allegations for this case to proceed.

Federal law authorizes federal courts to review cases filed by prisoners in forma pauperis to determine if a claim is either "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a pro se complaint for failure to state a

1    - ORDER GRANTING LEAVE TO PROCEED IFP AND TO AMEND

claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights secured by the federal Constitution or laws of the United States. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). Further, there must be an actual connection or link between the actions of the defendants and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

In Claim I, plaintiff alleges that individual defendants used excessive force against him while he was confined at the Washington County in April 2018. It appears that Claim I is barred by the statute of limitations and must be dismissed. Plaintiff signed his Complaint on December 30, 2020, more than two years after the events in question occurred and after plaintiff presumably knew of his injuries. A two-year statute of limitations applies to claims brought under § 1983, meaning that a plaintiff must file suit within two years of the alleged constitutional deprivation. *Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (a two-year statute of limitations applies to § 1983 actions); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993) (a district court may dismiss a case on timeliness grounds even if the issue is not

raised in a motion before the court). Plaintiff must explain why his claim is not barred by the statute of limitations.

In Claim II, plaintiff alleges that he was bitten by a police dog under the control of the Beaverton or Tigard police department in October of 2019 or 2020 as he ran through a parking lot. Plaintiff does not identify the officers involved or specify the law enforcement entity who was responsible for the dog. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation by each defendant, and Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, plaintiff does not allege any wrongdoing by the police officers aside from their failure to identify themselves. This failure constitutes negligence, at most, and cannot sustain a claim brought under § 1983.

Despite the deficiencies in plaintiff's complaint, I cannot find that amendment would be futile. Plaintiff must file an amended complaint, and for each claim, plaintiff must indicate: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. If plaintiff intends to reassert Claim I against Washington County defendants, he must explain why the statute of limitations does not bar his claim.

## CONCLUSION

Plaintiff's Application for Leave to Proceed In Forma Pauperis (ECF No. 1) is GRANTED. Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED with leave to renew at a later stage of the proceedings.

3    - ORDER GRANTING LEAVE TO PROCEED IFP AND TO AMEND

Within 30 days from the date of this Order, plaintiff must file an amended complaint curing the deficiencies noted above. Plaintiff is advised that the failure to file an amended complaint as directed shall result in the dismissal of this proceeding.

IT IS SO ORDERED.

DATED this 29th day of March 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge